Henry Gross v. The State.

No. 1779. Decided May 15, 1912.

**Burglary—Insufficiency of the Evidence.**

Where, upon trial of burglary, the conviction was only supported by suspicion, the evidence was not sufficient to sustain the conviction.

Appeal from the District Court of San Jacinto. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. V. Lea & J. M. Hansbro,* for appellant.—On the question of the insufficiency of the evidence: Tollet v. State, 44 Texas, 95; Brooks v. State, 65 S. W. Rep., 924; Adams v. State, 102 S. W. Rep., 1129; Johnson v. State, 36 Texas Crim. Rep., 394; Poline v. State, 65 S. W. Rep., 183; Taylor v. State, 53 Texas Crim. Rep., 615; Johnson v. State, 42 id., 440; Price v. State, 58 S. W. Rep., 83.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at three years confinement in the penitentiary.

The evidence discloses that the alleged owner of the house heard a noise at his crib like the rattling of a chain. He approached the house and when in its neighborhood inquired who it was at the house. Appellant replied that it was Henry Gross. The alleged owner asked him what he was doing there he replied that in passing he found the door of the crib open and was closing it. They walked from there to the residence of the alleged owner, a short distance, and were together a few moments, when defendant left. A night or two subsequent to this transaction appellant took a sack of corn from the crib of his brother-in-law. The brother-in-law testified that he had no corn in the crib, and asked appellant where he got the corn. His reply was, "by managing." It is also shown that appellant had not raised any corn the year before. This is the substance of the testimony.

We are unwilling to permit a judgment on this character of testimony to stand. The owner of the crib did not testify that he owned any corn or had any in the crib at the time that appellant was found at the crib. Why as an important fact as this is not shown is not explained. The owner of the crib could have easily testified if he had corn in the crib at the time. The fact that appellant had a sack of corn a night or two afterward seems to have been regarded as an important fact; at least, it was introduced as a criminating fact against him, in connection with the further fact that appellant had not raised any corn of his own. A case is not proved by suspicion. Lawrence alias Chapman v. State, decided at present term.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*